IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IBSTISAM AHMED MAKI,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ALBERTO R. GONZALES, Attorney General et al.,<br>　　　　　　　Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:06CV794 DAK |

This matter is before the court on Plaintiff's Motion for Entry of Final Judgment. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Plaintiff filed this action under 8 U.S.C. § 1447(b), claiming that the Defendants had failed to timely adjudicate her application for naturalization as a United States citizen. She had filed an application for naturalization on February 5, 2002. On December 2, 2002, the United States Citizenship and Immigration Services ("USCIS") submitted a request to the FBI to check Plaintiff's name in various FBI investigative databases, which contain information not necessarily revealed by the FBI's fingerprint check of the Department of Homeland Security-managed Interagency Border Inspection System. On December 11, 2002, Plaintiff was

interviewed and examined on her naturalization application in the Salt Lake City USCIS office. As of that date, the FBI had not completed the name check clearance for Plaintiff.

Almost four years later, on September 21, 2006, Plaintiff filed in this court a Petition for a Hearing on Naturalization Application under 8 U.S.C. § 1447(b).  On November 27, 2006, Defendants filed a motion for extension of time to respond until December 20, 2006.  The court granted the motion.  *See* Docket ## 8, 9.  On November 30, 2006, the FBI completed its name check clearance on Plaintiff and reported the results to USCIS.  On December 8, 2006, USCIS acted on Plaintiff's application for naturalization and scheduled Plaintiff for a naturalization ceremony and administration of the oath of citizenship on January 16, 2007.  Docket # 10. Defendants then moved the court to remand the case to USCIS.  *Id.*  Plaintiff did not oppose the motion.  The court granted the unopposed motion to remand. [1]  Docket # 12.

Plaintiff has now filed a Motion for Entry of Final Judgment, presumably as a prerequisite to filing a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

---

[1] Plaintiff claims that "this Court ordered the [Department of Homeland Security] to administer the oath of citizenship to Plaintiff on January 16, 2007."  Docket # 14 at 2.  That statement, however, misstates the precise language and meaning of the Order.  On December 21, 2006, the court adopted the Defendants' proposed Order, which ordered that: "this case is remanded to the United States Customs and Immigration Services for the reasons outlined in Defendants' Motion, including the administration of an oath of citizenship on January 16, 2007." *See* Docket #12.  Although awkwardly worded in their proposed Order, Defendants clearly stated in their Memorandum in Support of Unopposed Motion for Remand, that "[o]n November 30, 2006, the FBI completed its name check clearance on Plaintiff and notified USCIS of the results" and that "[o]n December 8, 2006, USCIS acted on Plaintiff's application for naturalization and scheduled Plaintiff for a naturalization ceremony and administration of the oath of citizenship on January 16, 2007."  Thus, prior to this court's Order of Remand, USCIS had already scheduled the administration of an oath of citizenship for Plaintiff.

The salient question at issue in the instant motion is whether an action brought pursuant to 8 U.S.C. § 1447(b) divests the USCIS of jurisdiction and gives the court federal court exclusive jurisdiction.  Stated another way, the issue is whether USCIS had jurisdiction to make a determination on Plaintiff's application after Plaintiff filed her Complaint in this court.  If the instant action divested the USCIS of jurisdiction, then Plaintiff would be entitled to an entry of final judgment, and she presumably then would argue that she was a prevailing party for purposes of the EAJA and therefore entitled to attorneys' fees.

Section 1447(b) of Title 8 of the United States Code provides:

> If there is a failure to make a determination [on a naturalization application] under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.

The statute then gives the court two possible courses of action.   The court can either decide the application for naturalization or remand it to the USCIS with appropriate instructions.  *Id.*

Plaintiff maintains that once she filed her federal Complaint, the court had exclusive jurisdiction, and the USCIS's decision to grant her application was without effect.  *See*, *e.g.*, *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004) (en banc) (finding that once a lawsuit is filed, a federal court gains exclusive jurisdiction and the USCIS is without authority to act).   Therefore, Plaintiff claims, the Remand Order issued by this court constitutes a final judgment because the court's actions fundamentally changed the legal relationship between the parties.

The Federal Defendants disagree, however, contending that the USCIS had concurrent

jurisdiction and was legally able to continue the naturalization process after Plaintiff filed suit. Thus, they contend, Plaintiff is not a "prevailing party" because a "prevailing party" is one who achieves a "material alteration of the legal relationship of the parties," which is "judicially sanctioned." *See Buchannon Bd. & Home Care, Inc. v. West Virginia Dep't of Health & Human Resources,* 532 U.S. 598 (2001). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." *Id.* at 605.

The Tenth Circuit has not decided the question of whether the federal court has exclusive jurisdiction once a Complaint is filed under 8 U.S.C. § 1447(b) or whether the USCIS maintains concurrent jurisdiction. There is a split of authority among the courts that have faced this question. *Compare United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004) *with Kia v. United States Immigration & Naturalization Service*, 175 F.3d 1014 (4th Cir. 1999) (table) (unpublished decision); *see also Perry v. Gonzales*, No. 06-CV-313, 2007 WL 293424 (D. N.J. Feb. 1, 2007) (describing the conflicting decisions).

While Plaintiff's filing of the instant action undoubtedly was the catalyst for USCIS to finally determine Plaintiff's application for naturalization–and the court regrets that Plaintiff had to wait almost four years for resolution–this court finds that the better-reasoned view is that section 1447(b) does not divest the USCIS of jurisdiction. As the Honorable Tena Campbell of this court recently found in a similar case, "the fact that § 1447 (b) gives an applicant the right to file suit in federal court after the 120-day period has elapsed is not, by itself, a sufficient indication that Congress intended to strip the USCIS of jurisdiction once a federal suit is filed.

And it appears that permitting the USCIS to continue its work even while a lawsuit is pending will advance the congressional goal of timely resolution of naturalization applications." *See Al-Saleh v. Gonzalez*, *No.* 2:06cv604 TC (Docket # 28), 2007 WL 990145 (D. Utah Mar. 29, 2007); *see also Perry v. Gonzales*, No. 06-CV-313, 2007 WL 293424 (D. N.J. Feb. 1, 2007) (finding that "the best way to effectuate the Congressional intent is to allow concurrent jurisdiction between [USCIS] and the District Court following the filing of a Complaint with the District Court as authorized by § 1447(b).").

For these reasons, the court concludes that when Plaintiff filed this lawsuit under § 1447(b), the USCIS still maintained jurisdiction over her naturalization application.[2] Accordingly, the court's Order for Remand did not constitute a final judgment, and Plaintiff's motion for an entry of final judgment is DENIED.

DATED this 27th day of July, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[2] The court recognizes that the Honorable B. Ted Stewart of this court reached a different result, but that result was based on a significant distinguishing fact. Specifically, the court determined that a plaintiff in a similar situation was "entitled to an entry of final judgment, as this Court was vested with exclusive jurisdiction when this action was filed under § 1447(b)." *Al-Ghanem v. Gonzalez,* 2:06CV320 TS (Docket #40). The court reasoned that because the district court had exclusive jurisdiction, the order of remand constituted a final judgment. A key distinguishing factor in that case, however, was that the government in *Al-Ghanem* had specifically *conceded* that "exclusive jurisdiction was vested in this Court at the time the lawsuit was filed." No such concession was made in the instant case.